RYCHLICKI, *Appellant*, v. THE CITY OF ST. LOUIS.

### Division Two, May 16, 1893.

1. **Nuisance: PLEADING: CITY.** Where, in an action against the city for damages caused by a nuisance, the petition charges that the city originated the nuisance, proof that it continued it only will not sustain a recovery, since in the latter case a request to abate is necessary.

2. ———: **CONTINUANCE: CITY.** Where within two months or thereabouts after the city was requested to abate the nuisance, it constructed a ditch which was effective for the purpose, it is not liable for a continuance of the nuisance, since it was allowed a reasonable time within which to abate it. .

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

ACTION for damages for collecting surface water by means of a large open ditch and then discharging the water thus collected by means of two conduits or drains under Page avenue upon plaintiff's land, in a body.

Omitting caption, the amended petition filed February 25, 1890, is as follows:

"Plaintiff, by leave of court, files this amended petition herein and for cause of action against defendant states: That he is in fee simple entitled to and in actual possession of and for ten years prior to the year 1880 was so entitled and possessed of a certain tract or parcel of land, lying and being situate in said city of St. Louis (a municipal corporation of said state), con-

taining fifteen arpens, be the same more or less, and bounded west by land of Bernard Pratte, south by land of owners unknown, east by King's Highway and north by Page avenue.

Plaintiff further states that defendant illegally and without color of title or right under and across Page avenue laid conduits or drains and by which conduits and drains the surface waters falling north of said Page avenue were collected and thrown upon the said land of plaintiff.

Plaintiff further states that the tract so owned and possessed by him, plaintiff, was at the time of the laying of said conduits and drains cultivated land, and by reason of said surface waters being so thrown upon it, was ruined for the purpose of cultivation, turned into a morass, rendered unhealthy and unwholesome to plaintiff and his family, rotted and damaged the fences thereon, making drains, bridges and ditches necessary, to the great detriment of plaintiff and by reason of all of which he has sustained damages in the sum of $6,000 and costs, for which sum he asks judgment."

The answer to this petition was a general denial and also a plea of *"contributory negligence."*

The original suit was brought in September, 1880. The subjoined plat illustrates the situation of the property in question and its surroundings. An outline of the testimony, sufficient for the purposes of the opinion will hereafter be furnished.

*Alfred A. Paxson* for appellant.

(1) Instruction number 2 given by the court at the instance of defendant is erroneous, confusing and misleading, and does not declare the correct · principle of law applicable to the facts in the case and should not have been given, *Rychlicki v. St. Louis,* 98 Mo. 497; *Benson v. Railroad,* 78 Mo. 512; *McCormack v. Railroad,* 57 Mo. 434. It is inconsistent with the first instruction given for the plaintiff, and therefore the jury had nothing to guide them on the real issue in the case. *Thomas v. Babb,* 45 Mo. 384; *Stevenson v. Hancock,* 72 Mo. 612; *Modisett v. McPike,* 74 Mo. 636; *Price v. Railroad,* 77 Mo. 508; *Frederick v. Allgaier,* 88 Mo. 598; *State v. Herrell,* 97 Mo. 105. (2) Defendant's instruction No. 6 is misleading and erroneous and should not have been given in the form asked. (3) The court erred in not granting a new trial on account of juror James H. Duffer having been connected with defendant's street department during a portion of the time covered by the petition, and which was unknown to plaintiff at the time of trial, as shown by affidavits. (4) The verdict is not supported by the evidence, and is so strongly against the entire evidence that it must be ascribed to passion, prejudice, partiality or ignorance caused by the contradiction in the instructions as to the law of the case. *Whitsett v. Ransom,* 79 Mo. 258; *Spohn v. Railroad,* 87 Mo. 74; *Garrett v. Greenwell,* 92 Mo. 120; *Caruth v. Richeson,* 96 Mo. 186; *State v. Primm,* 98 Mo. 368. (5) The court erred in the exclusion of the letter dated March 31, 1880, written by Mr. Garesche to the then mayor of defendant and the indorsements thereon. *Pinny v. Berry,* 61 Mo. 359; *Dickson v. Railroad,* 71 Mo. 575; *Wayland v. Railroad,* 75 Mo. 548.

*W. C. Marshall* for respondent.

(1) The facts of the case are wholly different from those presented on the first appeal in this case (98 Mo. 497). (2) Surface water is a common enemy. *Stewart v. Clinton*, 79 Mo. 612. (3) The plaintiff is not entitled to any damages by reason of the change of grade on Page avenue. *Stewart v. Clinton*, 79 Mo. 612.

SHERWOOD, J.—On a former occasion this cause was before this court, 98 Mo. 497, where it was held in reversing the judgment of the lower court, that the city would be responsible for collecting surface water into drains, gutters, culverts and conduits and then discharging the water thus accumulated in a body on the land of an adjacent proprietor. But the basis of that ruling was furnished by facts *offered* to be proved in the trial court, and which that court refused to admit to be proved. The case as now presented differs widely from the hypothetical case aforesaid.

The record has been carefully read, and while it shows that the county of St. Louis was the creator of the nuisance in 1870–1871, yet it also shows that the district of country which embraced the premises in question became, by a legislative act, a part of the city in 1872, remained so until 1874, when by a like act it again became a part of the county, and so remained until October 22, 1876, when it again became a part of the city, of which it now forms a part. But it does not appear that the city had any hand either in the original injurious erection of the nuisance nor in its subsequent extension. It is true plaintiff in testifying states that Page avenue, originally fifty feet wide, was in 1876 opened to its present width of one hundred feet, and the drains or conduits were then extended across the additional fifty feet width, so as to continue the shoot-

ing of the water as formerly done on to plaintiff's land; but it does not appear *by whom* this was done, nor *at what time* in the year 1876 it was done.

And it further appears that Page avenue has never been graded, and is not graded now. It was simply opened as a street, by ordinance to that effect. Whatever work was done on Page avenue, so far as the record shows, was done by the county in 1871, and perhaps at subsequent periods.

The city, then, cannot justly be charged as the *creator* of the alleged injury, and therefore the *sole* allegation of the petition on that score remains unproved. And though it be true that the *continuer* of a nuisance is liable therefor after notice or a request to remove it had been given (Wood on Law Nuisances [2 Ed.] sec. 838, p. 968), yet, an allegation of originating a nuisance will not support an allegation of continuing the same, because, among other reasons, in the latter case the necessary element of a request to abate would be lacking.

Even a private person "cannot be charged as a *continuer* of a nuisance merely by purchasing premises upon which a nuisance previously existed. In order to render him liable therefor, he must have done some positive act adopting it, and a mere failure on his part to remove it is held not to amount to such an act. There must be a request to remove it." *Ibid.* If such be the rule regarding an individual, *a fortiori* should it apply in case of a municipal corporation which has no private interests to subserve, but has only to exercise its power for the public good.

Now, in this case, there is nothing to show that the city has done any "*positive act*" respecting the street in question, looking to the continuance of the alleged injury. The mere passage of an ordinance in 1873, authorizing the opening of Page avenue, without

more, cannot be regarded as sanctioning or continuing an injury previously done by the county.

But laying aside the insufficiency of the petition, and the evidence offered in support of another and different cause of action, still we are confronted by this difficulty in a recovery by the plaintiff:   The city was never notified or requested to abate the nuisance at an earlier period than March 31, 1880, which was the date of the letter making such request.

The evidence of Klemm, a civil engineer, shows that soon thereafter, the city caused a ditch to be dug on the north side of Page avenue, from the corner of King's Highway westwardly to Union avenue.   This ditch was dug prior to June, 1880.   Afterwards and in that month, a survey was made of that ground and pipes were laid in the ditch.   The effect of this ditch was entirely to cut off all flow of water from the north side of Page avenue to the south side and on to plaintiff's land.

What time was necessary to complete the ditch does not appear; but certainly a reasonable time should be allowed the city in which to abate a nuisance not of its own creation.   See *State ex rel. v. Railroad,* 80 Mo. *loc. cit.* 125.

Looking at this case then, from any point of view, we see no ground for plaintiff's recovery.   The short time that elapsed between the notification to and request of the city to remove the nuisance, certainly did not enhance the original injury, nor is it pretended it did, and if it did, it would be a case of *de minimis,* etc.

Considering the matter in this way, it becomes needless to examine the correctness of the instructions, therefore judgment affirmed.   All concur.