(117 App. Div. 773)

### GRAVEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

1. MUNICIPAL CORPORATIONS—TORTS—DEFECTS IN SEWERS AFTER CONSTRUCTION —DUTY OF MUNICIPALITY—LIABILITY FOR DAMAGE.

Where a city provides sewers for surface drainage, and fails to use reasonable diligence to discover and remedy defects therein, which were discoverable by an examination, it is liable for damage resulting therefrom which are the ordinary result of the use of the sewer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1782.]

2. SAME—NOTICE OF DEFECTS.

Where it is the duty of the city to keep its sewers in repair, no notice of a defect in the sewer is necessary, in case of damage resulting therefrom, to fix the liability of the city.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1789.]

3. SAME—ACTIONS FOR INJURIES—EVIDENCE—SUFFICIENCY.

In an action against a city for damages caused by the flooding of land by its sewer, in the absence of testimony on the part of the city, it was sufficient for plaintiff to show that there was a break in the sewer, and that the flooding was in consequence thereof.

Appeal from Trial Term, Kings County.

Action by Bernard Gravey against the city of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

James D. Bell and D. D. Whitney, Jr., for appellant.
William O. Miles, for respondent.

JENKS, J.    The action for negligence was tried at Trial Term without a jury.    The court found that the defendant, a municipal corporation, maintained a sewer in front of the plaintiff's premises and adjacent to them, and that, owing to the negligence and carelessness of the defendant in maintaining the sewer and other sewers in connection, water and sewage flowed upon the plaintiff's premises, to his damage.    It seems that the sewer was constructed above the ground. The plaintiff gave testimony that there was a break in the sewer, and that the flooding was in consequence thereof.    In McCarthy v. City of Syracuse, 46 N. Y. 194, the court, per Rappallo, J., say (pages 197, 198):

"The mere absence of this notice does not necessarily absolve the city from the charge of negligence.    Its duty to keep its sewers in repair is not performed by waiting to be notified by citizens that they are out of repair, and repairing them only when the attention of the officials is called to the damage they have occasioned by having become dilapidated or obstructed; but it involves the exercise of a reasonable degree of watchfulness in ascertaining their condition, from time to time, and preventing them from becoming dilapidated or obstructed.    Where the obstruction or dilapidation is an ordinary result of the use of the sewer which ought to be anticipated and could be guarded against by occasional examination and cleansing, the omission to make such examinations and to keep the sewers clear is a neglect of duty which renders the city liable.    Barton v. City of Syracuse, 37 Barb. 292, affirmed 36 N. Y. 54."

See, too, Schumacher v. City of New York, 166 N. Y. 103, 107, 59 N. E. 773, 774, where the court, per Vann, J., say:

"Having provided gutters, culverts, and sewers for the surface drainage, it was bound to the use of reasonable diligence to discover and remedy defects therein.    Barton v. City of Syracuse, 36 N. Y. 54; McCarthy v. City of Syracuse, 46 N. Y. 194; Hines v. City of Lockport, 50 N. Y. 236; Nims v. Mayor, etc., of Troy, 59 N. Y. 500; Mayor, etc., of N. Y. v. Furze, 3 Hill, 612."

In the absence of all testimony on the part of the city, I think that the evidence suffices to support the judgment.    In Magee v. City of Brooklyn, 18 App. Div. 22, 45 N. Y. Supp. 473, where the sewer discharged its contents upon the lands of the plaintiff, this court, per Cullen, J., said (page 24 of 18 App. Div., and page 474 of 45 N. Y. Supp.):

"The judgment can also be well supported on the ground upon which it was placed by the court below—that of negligence.    The defendant insists that previous to the time of the occurrence of the overflow, the subject of this suit, the sewer and drain had proved adequate to carry away the surface water and sewage.    If this be so, the fact that on this occasion the sewer overflowed the plaintiffs' land would tend to show that at that time the drain had become in some way defective or obstructed.    We think the rule, 'res ipsa loquitur,' applies.    The defendant was called upon to explain what was the trouble or difficulty with the sewer on this particular occasion, and that it was not responsible for that difficulty.    It wholly failed to give any sufficient explanation upon the subject."

The learned corporation counsel relies mainly upon Jenney v. City of Brooklyn, 120 N. Y. 164, 24 N. E. 274.    In that case a fire hydrant had been removed, and in its place a stream of water gushed out

Upon this proof the plaintiff rested, whereupon the city proved recent construction of the hydrant, by the best known method in use, of new and good materials, and a work well done. ' The plaintiff offered no rebuttal. The court said that the evidence but permitted a guess that the hydrant had been forced out by the pressure of water, rather than by some active power above the surface, and held that the case was barren of evidence to support a finding of negligence. The learned counsel lays stress upon the language of the opinion. But in any event this case did not present the mere feature of flooding the plaintiff's premises by the sewer, but a break in the sewer and a consequent flooding.

I recommend affirmance of the judgment, with costs. All concur.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

