Upon this proof the plaintiff rested, whereupon the city proved recent construction of the hydrant, by the best known method in use, of new and good materials, and a work well done. ' The plaintiff offered no rebuttal. The court said that the evidence but permitted a guess that the hydrant had been forced out by the pressure of water, rather than by some active power above the surface, and held that the case was barren of evidence to support a finding of negligence. The learned counsel lays stress upon the language of the opinion. But in any event this case did not present the mere feature of flooding the plaintiff's premises by the sewer, but a break in the sewer and a consequent flooding.

I recommend affirmance of the judgment, with costs. All concur.

---

(118 App. Div. 897)

QUINLAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

Appeal from Trial Term, Kings County.

Action by Annie L. Quinlan against the city of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, and MILLER, JJ.

PER CURIAM. Judgment unanimously affirmed, with costs, on the authority of Gravey v. City of New York (decided herewith) 102 N. Y. Supp. 1010.

---

(117 App. Div. 782)

MOSSEIN v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

1. COSTS—NEW TRIAL.
    Where judgment for plaintiff was reversed, and new trial granted, costs "to abide the event," plaintiff, succeeding on a second trial, is entitled to costs of both trials.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 938, 1010.]

2. SAME—TERM FEE—AMENDMENT OF COMPLAINT:
    The original issue as on the calendar before amendment of the complaint being destroyed by such amendment, plaintiff is not entitled to have taxed any term fee in the trial court prior to such amendment.

Appeal from Special Term, Kings County.

Action by Edward P. Mossein, as president of Local Union No. 471 of the United Brotherhood of Carpenters and Joiners of America, against the Empire State Surety Company. From an order denying a motion for retaxation of plaintiff's costs, defendant appeals. Modified and affirmed.

See 89 N. Y. Supp. 843; 98 N. Y. Supp. 144.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

F. J. Moissen, for appellant.
William F. Hagarty, for respondent.