## JUNG v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

MUNICIPAL CORPORATIONS (§ 827*)—SURFACE WATER IN STREETS—LIABILITY
FOR DAMAGES TO PROPERTY.

A city was not liable for damages to real property abutting on a street
through surface water flowing down the street, where that was the natural
course of drainage and the city in no way interfered with the natural
surface water course or exercised any authority over the street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1772; Dec. Dig. § 827.*]

Appeal from Trial Term, Kings County.

Action by Frederick Jung against the City of New York. Judgment
for defendant, and plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Jesse Fuller, Jr., for appellant.

James D. Bell, for respondent.

RICH, J. The plaintiff appeals from a judgment dismissing his
complaint in an action brought to recover damages to real property,
in consequence of the alleged negligence and carelessness of the de-
fendant in failing to construct sufficient sewers in Jamaica avenue and
the careless and negligent management and maintenance of those ex-
isting, by reason of which the contents of said sewers, together with
surface water, flowed upon the plaintiff's property, which was situated
on Morris avenue, 450 feet east of Jamaica avenue. Morris avenue is
an unpaved street, and has no curb or sewers. Jamaica avenue is pav-
ed with brick, and has a stone curb, but no sewers extending through
it. Surface water from the latter avenue, at the point where Morris
avenue intersects it, flowed into and through Morris avenue upon the
plaintiff's property. The evidence tends to show that this was the nat-
ural course of drainage. There was no proof of any discharge of sew-
age and no satisfactory evidence tending to establish liability on the
part of the defendant for the flow of surface water complained of.

In Bastable v. City of Syracuse, 8 Hun, 587, and in Byrnes v. City
of Cohoes, 67 N. Y. 204, cited by the appellant, and upon which he re-
lies, there was proof that the defendants changed and diverted the
course and flow of surface water, collecting it in the street on which
plaintiff's property was located, from which it flowed upon the prem-
ises, for which wrongful diversion, collection, and drainage the de-
fendants were held liable. In the case at bar there is no proof that the
surface water ever flowed in any other direction or course than through
Jamaica avenue to its lowest point, and thence through Morris avenue,
or across the land now occupied by that avenue, before it was laid out
as a street; and it is not shown that the defendant had anything to do
with this street, or ever exercised any authority over it. There is no
proof that the defendant in any manner interfered with or surcharg-
ed the natural surface water course or volume. In Gravey v. City of
New York, 117 App. Div. 773, 102 N. Y. Supp. 1010, the flooding was

caused by a break in a sewer. In Noonan v. City of Albany, 79 N. Y. 470, 35 Am. Rep. 540, the surface water and sewage of a large territory was collected and discharged through artificial channels, in a solid body, at a given point, from whence it flowed on plaintiff's land; and in Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664, sewers were constructed within an area or district which included plaintiff's property, which were inadequate and insufficient to properly carry off the sewage and water collected in and discharged through them, by reason of which the contents were forced through the manholes and inundated plaintiff's property. The mere statement of these facts is sufficient to establish that the rules declared in the cases cited to do not establish the liability of the defendant in the case at bar, in which the facts upon which such decisions are based are wholly lacking.

The judgment must be affirmed, with costs. All concur.