(82 Misc. Rep. 454.)

### SIMON v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   November 13, 1913.)

MUNICIPAL CORPORATIONS (§ 827*)—BURSTING OF WATER MAIN—LIABILITY OF CITY.

A city is not an insurer of its water system, but is required only to use reasonable care in establishing and maintaining it, and hence was not liable for the flooding of a cellar through the bursting of a water pipe, in the absence of any negligence in its construction or operation, or in the repair thereof after notice of the break, or actual notice by like prior occurrences that the pipe was defectively constructed or maintained.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1772–1776; Dec. Dig. § 827.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Edward Simon against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued October term, 1913, before SEABURY, GUY, and BI-JUR, JJ.

Clarence L. Barber, of New York City, for appellant.

Albert J. Rifkind, of New York City, for respondent.

GUY, J.   This action was brought to recover damages for the flooding of the cellars occupied by plaintiff's assignor at Nos. 1171–1175 Second avenue, by reason of the bursting of a main pipe of the water supply system.   The defense was a general denial.

Plaintiff's assignor was a furniture dealer on the corner of Sixty-Second street and Second avenue.   He had been there three years.   On January 17, 1912, he found his cellar flooded with six feet of water.   At the same time he saw in the middle of Second avenue workmen repairing a broken water pipe, which had flooded the street.   Plaintiff saw the water running out, but could not see the pipe.   There was some proof of the damage claimed.   There was no dampness in the cellar before the flood.   The water ran out of the cellar through the cellar drain.   It did not have to be bailed or pumped.

In all the sewer or water main cases cited by the plaintiff, in which the city was held liable, there was either evidence of actual neglect in the construction or operation of the water main or sewer, or notice to the city authorities of the break or overflow, accompanied by neglect on their part to repair promptly, or actual notice, by reason of like prior occurrences, that the sewer or pipe were defectively constructed or maintained.   Messersmith v. City of Buffalo, 138 App. Div. 427, 122 N. Y. Supp. 918;   Talcott v. City of New York, 58 App. Div. 514, 69 N. Y. Supp. 360;   Ettlinger v. City of New York, 58 Misc. Rep. 229, 109 N. Y. Supp. 44;   Silverberg v. City of New York, 59 Misc. Rep. 492, 110 N. Y. Supp. 992.   There is an entire absence of such evidence in the case at bar.   A municipality is not an insurer of its water or sewer system, any more than of its streets.   It is required only to use reasonable care in establishing and maintaining such a system.   Jenney v. City of Brooklyn, 120 N. Y. 164, 167, 168, 24 N. E. 274.

Judgment reversed, and new trial granted, with costs to the appellant to abide the event.   All concur.