JOHN SCHINDLER, Respondent, v. STANDARD OIL
COMPANY OF INDIANA ,Appellant.

St. Louis Court of Appeals.    Opinion Filed May 3, 1921.

1. **NEGLIGENCE: Leak in Water Pipe: Damage To Adjoining Property: Defective Construction: Failure to Repair: Elements of Liability.** In an action for damages caused by a leak in a water pipe on adjoining premises, in the absence of a charge of neglect on the part of defendant in permitting the leakage or a charge of want of care in the original construction of the pipe, or in discovering or repairing known defects followed by proof of such neglect, the defendant is not liable.

2. **NUISANCES: Elements: Negligence: Nuisances Per Se.** There is a distinction between acts lawful in themselves, done by one upon his own premises which may result in injury to another if not properly done or guarded, and those which in the nature of things must so result, and in the former case a party could only be made liable for actual negligence in the performance of the act or mode of maintaining it, while in the latter he would be liable for all the consequences of his acts, whether guilty of negligence or not; the one can only become a nuisance by reason of the negligent manner in which it is performed or maintained, while the other is a nuisance *per se*.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Thomas Bond*, Judge.

REVERSED AND REMANDED.

*Nagel & Kirby*, for appellant.

(1)   The petition does not state facts sufficient to Econstitute a cause of action, because; (a) The question of defendant's liability in this case is dependent upon the observance or neglect of care.   (b)   There is no allegation in the petition that defendant was guilty of negligence which caused or permitted the leakage, or failed

to observe due care in protecting against it.  McCord Rubber Co. v. St. Joseph Water Co. et al., 181 Mo. 678; Murphy v. Gillum, 73 Mo. App. 487; Cooley on Torts 2 Ed.), page 676, (*570.)  (2) Instructions No. 1 and No. 2, given by the court at the request of plaintiff, do not correctly declare the law applicable to the case, because: They fail entierly to submit the question of defendant's negligence to the jury.  Defendant's liability under these instructions is predicated upon a finding by the jury of the mere fact that water flowed into the basement of plaintiff's building from a water pipe located on defendant's premises, regardless of whether or not defendant was negligent in any manner.  Stifel v. City of St. Louis, 181 S. W. 577, 579.  (3)  The measure of damages for injury to plaintiff's building is the difference between the reasonable market value of the building before the injury and its reasonable market value after the injury. McGrath v. Heman Cost. Co., 183 Mo. App. 522, 526; Stifel v. City of St. Louis, 181 S. W. 577, 579.  (4) The demurrers to the evidence should have been sustained.

*Edw. W. Foristel,* for respondent.

*James T. Roberts,* of Counsel.

BIGGS, C.—After a verdict of a jury for plaintiff for $2500 the trial court upon considering a motion for new trial and in arrest of judgment made an order overruling the motion for a new trial, provided plaintiff would within ten days remit $1,000, otherwise the motion would be sustained on the ground of excessive verdict. A *remittitur* of the amount having been entered a judgment stood for $1500, from which defendant has appealed.

Plaintiff's right of recovery is founded on the following allegation in his petition:

"Plaintiff states that the defendant has and maintains a certain water pipe in the cellar of its said build-

ing, and that in the month of June, 1916, and for a long time subsequent thereto, the defendant permitted and suffered the water to leak from said water pipe and run and percolate under the walls and into the cellar of the building of plaintiff, causing the walls of plaintiff's said building to become damp, cracked and buckled, and that the plastering on the walls of plaintiff's said building have become damp, cracked and weakened and that the papering on said walls has been cracked and dampened, and that by reason thereof plaintiff has been damaged in the sum of thirty-five hundred dollars (3500), for which sum, together with his costs, he prays judgment against the defendant.''

The parties owned adjoining properties in South St. Louis, and it was uncontradicted that the water pipe referred to was embedded in the ground under the concrete flooring in the cellar of defendant's building and led from there underground and connected with the city water supply in the street and was used to supply water for use on defendant's premises.

Plaintiff's main instruction given at his request followed the language of the petition and authorized a verdict for plaintiff on the finding of the facts set forth in the charge.

Defendant asserts that the petition is demurrable and that the instruction based thereon is erroneous, for the reason that there was no charge of negligence in the petition nor a requirement of a finding of negligence in the instruction or of facts which would constitute negligence. We think this contention well taken, and that absent a charge of neglect on the part of defendent in permitting the leakage in the pipe or a charge of a want of care in the original construction of the pipe or in discovering or repairing known defects followed by proof of such neglect, the defendant is not liable. [McCord Rubber Company v. St. Joseph Water Company, 181 Mo. 678, 81 S. W. 189; Murphy v. Gillum, 73 Mo. App. 487; Griffith v. Lewis, 17 Mo. App. 605; Rychlicki v. City of

St. Louis, 115 Mo. 662, 22 S. W. 908; Terry v. The City of New York, 21 N. Y. Super Ct. 504 (8 Bosw.); Cooley on Torts (2 Ed.) page 676; 1 Wood on Nuisances (3 Ed.), vol. 1 page 168.]

In the McCord Rubber Company case the Supreme Court held that one who brings water into his premises in pipes in the manner usual in cities, for the ordinary use of the occupants of the house, is not liable for injuries caused to an abutting owner by the bursting of the pipes and the flooding of his cellar, regardless of whether he is guilty of any negligence directly causing the accident. The plaintiff in that case contended that the defendants were liable regardless of whether they were guilty of any negligence on the theory that one who brings into his premises anything that is liable to escape and liable to inflict injury on his neighbors if it should escape brings it there at his peril and is responsible for any injury that it may cause. The contention of the plaintiff in that case rested upon the authority of the old English case of Rylands v. Fletcher, L. R. 3 H. L. 330. After holding that the doctrine of the Rylands case has not been generally approved in America the Supreme Court in distinguishing that case from the one under consideration, says:

"There is a wide difference between a great volume of water collected in a reservoir in dangerous proximity to the premises of another and water brought into a house through pipes in the manner usual in all cities, for the ordinary use of the occupants of the house. Whilst water so brought into a house cannot literally be said to have come in in the course of what might be called in the language above quoted of the Lord Chancellor 'natural user' of the premises, yet it is brought in by the method universally in use in cities and is not to be treated as an unnatural gathering of a dangerous agent. The law applicable to the caging of ferocious animals is not applicable to water brought into a house by pipes in the usual manner."

207 Mo. App.—13

In the case of Terry v. The City of New York, supra, it is held that "One who suffers injury by a defect in water pipes in a city upon premises adjoining his own cannot recover damages therefor, without evidence of original defects in the pipes, or of want of care in discovering or repairing known defects." In that case it is said:

"The use of the Croton water by pipes was legal. No one is responsible for injury committed by their breaking, unless caused by neligence or design. If all due diligence is used in making or maintaining the pipes, the injury becomes an unavoidable accident, for which no one is responsible. There was no evidence in this case that the pipes were originally defective. On the contrary, as they were in long before the damage in this particular case, they must have been originally strong. If originally sound, there was no proof of want of care in repairing any known defects or discovering them; on the contrary, it took six month of close investigation to discover where the leak was, and then they were repaired. Mere results are not proof of want of care."

In the instant case there is absoluetly no evidence that the water pipe was defectively constructed or that the defendant had any knowledge of is leaking condition. Plaintiff testified that he gave notice to the defendant through its agent in charge of the property that the water was coming into the cellar of his building, but he did not notify the defendant at any time that defendant's water pipe was leaking, and manifestly he could not give such notice because neither the plaintiff nor the defendant knew of such fact until after a City Inspector had made an inspection of the pipes, when the leak was for the first time discovered after which the defendant immediately had the pipe repaired.

In order to avoid the absence of the charge and proof of negligence plaintiff's counsel assert that under the liberal provisions of our Code (Sec. 1220, R. S. S. 1919), which only requires the statement of the ulti-

mate facts in the petition, that the petition can be held good on the theory that it states a case for damages for a nuisance and that if the maintenance of the water pipe constituted a nuisance no allegation of negligence was necessary.

No allegation is made that the maintenance of the pipe was unlawful nor does the plaintiff allege that the defendant *knowingly* maintained the water pipe in its leaking condition. Under the liberal provisions of our Code plaintiff's theory might be upheld, provided he had alleged such facts from which it would appear that the defendant was maintaining a nuisance *per se*. While it is often true that a nuisance exists without negligence, it is equally true that certain things may or may not be a nuisance, depending entirely upon whether or not defendant was guilty of negligence.

In the case of Griffith v. Lewis, 17 Mo. App. 605, this Court held that one who collects on his property a substance which subsequently becomes a nuisance, is liable only for the damages which occur after he has had a reasonable time after notice thereof within which to abate the nuisance. Judge THOMPSON in that case says:

"The doctrine of Rylands v. Fletcher that a person who artificially brings on his land and collects and keeps thereon some substance liable to do mischief if it escapes, must keep it at its peril, does not seem to have been generally accepted in this country; but if it were the law with us , it manifestly would not apply to a structure of the simple and every day character of the one herein (a vault containing water), the object of which was not to collect and retain a quantity of water but to afford the means of discharging it from the premises in which it was dug. Undoubtedly, the owner or occupier of the premises is liable to an adjoining owner for such a nuisance. [Ball v. Nye, 99 Mass. 582.] But on principle he is liable only on the ground of negligence; and therefore, as the progress through the soil of the

substance which does the injury is secret and insidious and of a nature to elude inspection, he is not liable until he had notice that it has produced an injury, and then he is ony liable for the subsequent damage which may ensue by his permitting it to continue after a reasonable time to repair.''

As stated by Mr. Wood in his work on Nuisances, 3rd. Vol., page 168. There is a wide distinction between acts lawful in themselves, done by one upon his own premises which *may* result in injury to another if not properly done or guarded, and those which in the nature of things *must* so result. In the former case a party could only be made liable for actual negligence in the performance of the act or mode of maintaining it, while in the latter he would be liable for all the consequences of his acts, whether guilty of negligence or not. The one can only become a nuisance by reason of the negligent manner in which it is performed or maintained, while the other is a nuisance *per se.*

In the case at bar there is no evidence that any damage resulted to plaintiff's property by reason of the leaking of the water pipe after the defendant knew of its leaking condition. When the defendant discovered its defective condition it promptly the next day had the pipe repaired.

Defendant's evidence tended to prove that during the time complained of, the summer of 1916, there was an unprecedented rainfall in the city of St. Louis, and that whatever water collected in the basement of plaintiff's property was due to the defective condition of the down spouts on plaintiff's building, also by reason of the fact that the area way entering into plaintiff's cellar was lower than the surrounding ground and that surface water flowed into the basement through this area way. If the injury to the plaintiff's property was caused by the leaking water pipe as the jury have determined, the case presented an unavoidable accident for which no one is responsible.

In view of the facts presented by the record when considered in the light of the decisions referred to plaintiff has no right to recover upon the theories presented. It is therefore recommended that the judgment be reversed and the cause remanded for a new trial.

PER CURIAM:—The foregoing opinion of Biggs, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded for a new trial. *Allen* and *Becker, JJ.*, concur.