ESSEX COUNTY CIRCUIT COURT.

## ISADORE STEIN, PLAINTIFF, v. CITY OF NEWARK, DEFENDANT.

Decided March 7, 1947.

For the plaintiff, *Julius Stein.*

For the defendant, *Thomas L. Parsonnet* (by *George B. Astley*), *Frank J. Carico,* of counsel.

SMITH, JOSEPH L. At the conclusion of the plaintiff's case the defendant moved for a nonsuit and the court reserved its ruling on that motion and directed the defendant to proceed with its defense. At the conclusion of the defendant's case, when both sides had rested, the defendant moved for a direction of verdict, which motion is now before this court.

The plaintiff, Mr. Stein, briefly contends that he was the owner of property at No. 327-329 15th Avenue, Newark, New Jersey, and No. 342 Morris Avenue. That the first numbered building contained six family apartments and the second building referred to contained a store, two apartments and some garages. These two buildings had a common wall, common foundation and with a common roof.

In the spring of 1944 the plaintiff observed that his building had several cracked walls, the windows and doors would not properly close and he thereupon inspected the cellar and he found there the condition to which he has testified, which in effect was that the cellar floor had sunk and that the foundations were no longer holding up the building. The plaintiff thereupon stated that he called in his plumber for the purpose of ascertaining if there was any water from any of the pipes, the sewerage or the plumbing under his control, which caused this condition to these buildings. As I recall his testimony the plumber who was called in stated that there was nothing wrong with the sewerage system or the plumbing, in other words, the water lines, as far as it related to those under the control of the plaintiff, Mr. Stein. The condition did not improve, but became worse and later on Mr. Stein, who seems to me, according to his testimony, was unable to give the actual date, but he said around the middle of May, but according to the testimony of defendant was around the 1st of June, visited the building department of the City of Newark and directed the building department to the condition that existed in his buildings and sought from them their advice as to what he should do about the condition of his buildings.

The representative of the building department visited these premises and observed the condition in the cellar and observed at that time there was a dampness or water in the cellar;

made a report to his superior and subsequently, I think it was on June 13th—the letter is in evidence—Mr. Stein was advised by the building department that it would be necessary for him, in connection with the building itself, to shore up the building and to arrange for the removal of his tenants.

On June 13th, Mr. Stein then brought this condition to the attention of the water department of the City of Newark. This was the first time this condition was brought to the attention of the water department. The City of Newark, through its water department was furnishing water to the houseowners and other private consumers in the city, and in doing so was acting in a private business capacity and not in its governmental capacity and it is bound therefore to exercise ordinary care, that is a reasonable degree of care, in view of the dangers involved which the great mass of ordinarily prudent persons engaged in the same or similar business would and do exercise under like circumstances. For any failure to exercise this degree of care proximately causing injury to another, the city is liable to the same extent that a private person or a corporation operating a water works system is liable; no more and no less.

The defendant is not an insuror of the safety of its water pipe lines. Where the defective condition is not a result of negligent construction but the result of wear and tear, it must appear that the condition which produced the damage complained of had either been in fact brought to the prior notice of the defendant, which is actual notice, or that the condition had existed for such a space of time as would have afforded the defendant sufficient opportunity to have observed the defect. This is called constructive notice.

It would seem to me that ordinarily the question of constructive notice is for a jury to decide but however where the defect is not observable to the plaintiff or the defendant, as the evidence clearly indicates in the instant case, and not visible, and which can only be discovered by a close examination, it seems to me then it is a matter of law for determination by the court. I, therefore, feel, under all the evidence in this case, that there is no evidence that would warrant this court in determining other than that there was no construc-

tive notice involved in this case and therefore that question is not one of fact for submission and determination by the jury.

As I have already indicated the plaintiff offered evidence, I think, as he says, although he was not certain, as already referred to, that some time in May he notified the building department of the City of Newark that his building was in a dangerous condition. The defendant by its testimony, indicates that this notice to the building department was given on or about June 1st, in fact, on June 1st. However, it would seem to me that this is immaterial as there is no evidence that notice of the leak in the water pipes of the city was given to the water department and further, there is no presumption that notice to the building department of a leak in the water line, under the evidence in this case, was by the building department communicated to the water department where it was no part of the building department's duty to receive and report such complaint to the water department.

From the evidence before me it would seem to be alleged and admitted that the only notice of the water leak was communicated to the water department on June 13th and in fact that is the only time notice was given, that there was a leak in any of the pipes or water system over which the city water department as the owner of the water works had any notice of the condition contributed or alleged to have been the responsibility of the city.

The damage to the property, of which the plaintiff complains had, from the evidence, been completed. The damage had been done at the time the notice was received by the city on June 13th. The very next day or the following day, on June 14th, the defendant, after making an investigation and examination of the complaint, immediately and promptly repaired the damaged pipe and shut off the water. Certainly, the city acted with reasonable promptness in shutting off the water and repairing the leak, after being notified by the plaintiff of the condition of affairs as the plaintiff understood and found them to be.

It is rather surprising to this court that this condition has never been heretofore, as far as reported authorities of our

state reveals, been determined by the courts of New Jersey. I have, therefore, in my investigation of this question in the short time that I have had, found that the rule stated in the Pennsylvania courts are in no way inconsistent with the evidence in the instant case, or the ruling I am about to make in this case and particularly am I impressed with the rules in Massachusetts and I refer particularly to the case of *Goldman* v. *City of Boston*, 274 *Mass.* 329; 174 *N. E. Rep.* 686, 687, where the Supreme Judicial Court of Massachusetts said:

"It was essential for the plaintiff to recover that some negligence on the part of the defendant should be shown in the laying of the water main or in its care and maintenance. Nothing appears to show the ordinary life of the pipe, or the frost levels in the vicinity." And in the instant case, may I suggest that this court is not reminded of any evidence relative to the life of this pipe in question.

Further, quoting from the case of *Goldman* v. *City of Boston*, "In fact there was no evidence of negligence. No inference indicating negligence of the defendant can be drawn from the previous break." However, in that case the court said, "The doctrine of *res ipsa loquitor* is not applicable. The water main may have settled and cracked from other causes than the defendant's negligence in laying the pipe or in caring for it. The act itself is evidence of negligence when the direct cause of the accident, and so much of the surrounding circumstances as was essential to its occurrence, well within the sole control and management of the defendant, or their servants, so that it is not unfair to attribute to them a *prima facie* responsibility for what happened."

It is quite true and undenied and therefore admitted in the instant case that this pipe in question was solely maintained and under the sole control of this defendant.

Now, another case I would like to call attention to is in Massachusetts, the case of *Gerard et al.* v. *City of Boston*, 299 *Mass.* 488; 13 *N. E. Rep.* (2d) 414 (at *p.* 415), where the Supreme Judicial Court of Massachusetts said: "We think that there was no evidence of negligence. The cause of the break is unknown." There is no evidence in this case

to indicate what caused this break. "No negligence in laying the pipe or in maintaining it appears. There is no evidence that a pipe, as old as this one was, may not safely be used. The slight seepage which was noticed in the basement might have come from a variety of sources, some of which might not have been in the control of the defendant, and did not indicate a defect in the main. We think that due care did not require the defendant to expose and examine all the pipes at the intersection of the streets named."

In the instant case the testimony suggests, as I recall it, that there were 55,000 service pipes in the City of Newark.

Therefore, I am constrained to grant the motion for a directed verdict on the ground urged and it will be so ordered and an exception granted to counsel.

Mr. Stein: I respectfully pray an exception.