210 P.2d 795

### YEARSLEY et ux. v. CITY OF POCATELLO.

### No. 7521.

Supreme Court of Idaho.

Oct. 4, 1949.

Rehearing Denied Nov. 7, 1949.

F. E. Tydeman, of Pocatello, for appellant.

502

B. W. Davis, L. F. Racine, Jr., and Mary H. McGlone, of Pocatello, for respondent.

GIVENS, Justice.

Respondents obtained a judgment for $4,000 against appellant for damages to their house, alleged to have been caused by water negligently escaping from a leak in appellant's municipally-owned water plant, undermining and causing the foundation and basement walls of the house to crack, sag and sink, and the basement floor to crack.

Respondents charged appellant with failure and neglect in repairing and maintaining its water system. Appellant denied such or any negligence or that any leaks occurred in its system and affirmatively claimed any damaging leaks were in pipes belonging to respondents.

It was suggested during the trial that water may have negligently leaked from pipes in a neighbor's adjoining premises.

There is no dispute about the amount of damages, if appellant is liable.

November 30, 1947, respondents first noticed the floor in their north bedroom had separated from the walls approximately one inch and openings in the walls and plaster showed throughout the house. The next day they called the contractor, who had built the house, and two weeks later he put three temporary cross beams and three sets of supporting pillars under the west wing of the house which was lifted by jacks to approximately the correct level, at which time the respondents concluded the soil in and near the basement was water soaked from leaks in the City's pipe line. Mr. Yearsley put a four-foot stick through a crack under the basement floor about three feet, which upon its withdrawal, had mud sticking to it.

Mrs. Yearsley called the City between December 1 and 6, whereupon three of the City officials came out and looked over the premises and about December 22 or 23, appellant dug a trench, uncovered the City pipes, and replaced short sections adjacent to respondents' premises. The replaced portions of the pipe disclosed rust, corrosion and some holes after they had been removed and were, despite objections by appellant, properly before the jury as.

exhibits. There was testimony pro and con as to whether the holes in these pipes existed prior to the time the pipes were uncovered; the condition of the ground as to being wet or dry, and whether the digging in and about the pipes in uncovering them caused the incrustation on the outside or the corrosion inside the pipes to break off, and thus occasioned the holes. There were twelve to fourteen inches of frost in the top soil. Some pipe on respondents' and their neighbors' premises were replaced, and there were no holes and no water leaking after December 31.

There was testimony that the soil in that vicinity was of such a nature as to be markedly injurious to the pipe; that the average life of pipe, i. e., free from wear and tear, cracks and leaks in that locality was about twenty years, though some had lasted longer and some had corroded through in as short a time as three years; that it was the practice of the City to wait until a leak developed and its existence ascertained before the pipe was replaced or repaired.

From a plethora of assignments of error, caustically criticised by respondents on that score, definite assignments urging the court erred in refusing to give certain requested instructions, present the only material issues which are decisive of the case.

▆ Dunn v. Boise City, 48 Idaho 550, at page 555, 283 P. 606, considering the liability of a municipality for claimed negligence in handling surface waters, inferentially stated the pertinent law governing liability of a municipality for negligence in connection with latent defects as follows, and thus paraphrased:

First, that the city is not an insurer of condition of its drainage (water) system, but is bound to use ordinary care and skill in constructing and maintaining it.

Second, the city is likewise bound to take notice that timbers (pipes) are liable to decay (deteriorate) from time and use, and must take such measures as ordinary care would dictate to guard against the breaking of its flume (leaking of its water system) because of the decay of the timbers (deterioration of the pipes) used in its construction.

Third, that the city is not liable for damages occasioned by a latent defect in the absence of notice, express or implied, of such defective condition, i.e., the municipality must have had actual notice or the defect actually existed for such a length of time, or under such circumstances that it should have known thereof.

▆ These words should be eliminated from the second paragraph of appellant's requested instruction No. 2[1]: 'Under all conditions and circumstances.'

1. "The City of Pocatello is chargeable with negligence only for damage caused by leaking of water out of the pipe owned and controlled by it after it had notice of such leak, or that the said leak had existed for such a length of time, and in such a manner that it should have known of the defect.

"Under all conditions and circumstances the City of Pocatello is only lia-

Appellant's requested instruction No. 8² evidently contains a typographical error and the word 'or' should have been used in the place of the word 'and' in next to the last line thereof.

 Instructions Nos. 2 and 8 are not only in accord with the theory of Dunn v. Boise City, supra; Draper v. City of Burley, 53 Idaho 530, 26 P.2d 128; Goodman v. Village of McCammon, 42 Idaho 696, 247 P. 789, which held the res ipsa doctrine inapplicable, but are sustained by the weight of authority. Miller v. Village of Mullan, 17 Idaho 28, 104 P. 660, 19 Ann.Cas. 1107; Philadelphia Ritz Carlton Co. v. City of Philadelphia, 282 Pa. 301, 127 A. 843; Riegel & Co. v. City of Philadelphia, 296 Pa. 256, 145 A. 837; Stein v. City of Newark, 52 A.2d 66, 25 N.J.Misc. 170; A. J. Brown & Son v. City of Grand Rapids, 265 Mich. 465, 251 N.W. 561; Simon v. City of New York, 82 Misc. 454, 143 N.Y.S. 1097; City of Richmond v. Hood Rubber Products Co., 168 Va. 11, 190 S.E. 95; Schindler v. Standard Oil Co., 207 Mo.App. 190, 232 S. W. 735.

The refusal to give these instructions was of such a substantial nature as to constitute reversible error.

In view of the fact the cause is being remanded for a new trial, the law embodied in the first point of the analysis of Dunn v. Boise City, supra, should have been embodied in an instruction; and though there is no cross appeal, respondents' requested instruction No 4,³ as being in line with point 2 in the analysis of Dunn v. Boise City, supra, should have been given, because Instruction No. 4⁴ as given, did

---

ble for any damage done by water that might have leaked from its pipes between the water main on South 9th Avenue, and the inside or Easterly edge of the sidewalk." Defendant's Requested Instruction No. 2.

2. "The city would be liable for damages by reason of defects in its system only in the event if had notice of said defects, and the defects had continued for such time that it should have known of its existence." Defendant's Requested Instruction No. 8.

3. "You are instructed that the defendant, City of Pocatello, was bound to use ordinary care and skill in constructing and maintaining its water system. You are further instructed that the City of Pocatello was bound to take notice of the life of the piping and the likelihood of the water pipe used and maintained by the defendant City in serving the plaintiffs' residence, to become defective and to de-

velop leaks and to cause possible damage. Dunn v. Boise City, 48 Idaho 550, 283 P. 606; McCarthy v. City of Syracuse. 46 N.Y. 194." Plaintiffs' Requested Instruction No. 4.

4. "You are instructed that it was the duty of the City of Pocatello, to exercise reasonable care in the maintenance and operation of its municipal water works system so as to avoid injury to the property of the plaintiffs. If you find that the City failed to exercise such reasonable care under all of the circumstances and conditions shown by the evidence, and that the plaintiffs suffered damages by reason thereof, and that the failure of the City to exercise such reasonable care was a proximate cause of such injury, you may find for the plaintiffs and award to them damages as will compensate therefor such damages." Instruction No. 4.

not incorporate all that is contained in respondents' requested instruction nor as indicated to be the law in Dunn v. Boise City, supra, and cases cited therein with approval.

■ It was not error to refuse appellant's request for special interrogatories, both generally and because they were unduly restrictive and all points were, except as above noted, properly submitted to the jury. Miller Grocery Co. v. City of Des Moines, 195 Iowa 1310, 192 N.W. 306, 28 A.L.R. 815.

No other substantial errors appear in the record as to instructions given or refused or otherwise.

Respondents' claim for damages served upon appellant was in substantial compliance with Section 50-162, I.C.

The cause is reversed and remanded for a new trial. Costs awarded to appellant.

HOLDEN, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.