SOLOMON KAHN, Appellant, *v.* LEONIE BURETTE, Respondent.

(Supreme Court, Appellate Term, January, 1904.)

Negligence — Res ipsa loquitur — Unexplained flooding of a loft from the loft next above.

> Proof, made in an action brought to recover damages to personal property caused by the defendant's alleged negligence, tending to show that she was in exclusive possession of a loft next above that of the plaintiff and that there was a sink in her loft, that the plaintiff, upon reaching his loft on a certain morning, found its floor flooded and water coming down from her loft, that the floor of her loft was wet but that no water was coming from its ceiling, justifies the application of the doctrine of *res ipsa loquitur* and makes erroneous a dismissal of the complaint where the defendant has given no explanation, and this although a plumber testified on the trial that the said sink was in good condition on the day before the plaintiff's loft was flooded.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, third district, borough of Manhattan, dismissing the complaint at the close of the plaintiff's case.

Christian Moritz, for appellant.

Louis Mathot, for respondent.

GREENBAUM, J.   This action was brought to recover damages for injuries to personal property caused by the defendant's negligence.   The plaintiff testified that on reaching his place of business on the morning of September 13, 1901, he found the entire floor of his loft flooded; that his entire ceiling was wet; that the water was coming through the ceiling from the loft occupied by defendant, immediately above his; that he went up to the defendant's loft and on examination found the floor of that loft all wet; that the loft above defendant's was occupied by other parties, but that there was no "water coming from the ceiling in Mrs. Burette's (defendant's) place" and that there was a sink on the defendant's floor.

It appeared from the testimony of the plumber that the defendant's sink had been examined the day before the injury and found to be in good condition.   The court below dismissed the complaint on motion of the defendant's attorney at the close of the plaintiff's case.   The facts on this appeal must be taken most favorably for the plaintiff and the proof will be deemed sufficient to show that the defendant was in exclusive possession of the loft immediately above the plaintiff's.

Under these circumstances, we do not think the court was justified in dismissing the plaintiff's complaint.

The cause of the proven injury was traced to a place under the defendant's exclusive management and control.

The defendant was, therefore, called upon to give some evidence by way of explanation relieving herself from the presumption of negligence which arose from proof of the injury resulting from water coming from the premises in defendant's exclusive possession and under her exclusive control.

The facts appear to justify the application of the doctrine of *res ipsa loquitur*.

On that subject, the court in Griffen v. Manice, 166 N. Y.

188, 193, says: " The maxim is also in part based on the consideration that where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present. Neither of these rules — that a fact may be proved by circumstantial evidence as well as by direct, and that where the defendant has knowledge of a fact but slight evidence is requisite to shift on him the burden of explanation — is confined to any particular class of cases, but they are general rules of evidence applicable wherever issues of fact are to be determined either in civil or criminal actions."

Support will be found in the authorities for the application of this doctrine to cases of a similar character to the one at bar. Greco v. Bernheimer, 17 Misc. Rep. 592; Simon-Reigel C. Co. v. Gordon Co., 20 id. 598.

In Moore v. Goedel, 34 N. Y. 527, the Court of Appeals, at p. 532, says: " Had the defendants been in the exclusive possession of the loft in which the closet and wash basin, from which the overflow came, were located, it would, probably, have been sufficient *prima facie* to have proved the injury and where the overflow occurred."

· In view of the presumption of negligence arising from the absence of any explanation on the part of defendant, the court was not justified in dismissing the complaint, thereby holding as matter of law that the plaintiff had failed to establish any facts to sustain his cause of action.

Judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.