### HALSCH v. J. B. & J. M. CORNELL CO.

(Supreme Court, Appellate Term. February 27, 1906.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—MASTER'S LIABILITY—BURDEN OF PROOF.

The burden was upon the plaintiff to show by a fair preponderance of evidence that the object which struck and injured him was dropped or thrown by the servant or servants of the defendant.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1270.]

2. SAME—SUFFICIENCY OF EVIDENCE.

In an action against a master for injuries from the alleged negligence of his servants in dropping some object on plaintiff from the above story of a building in which they were working, plaintiff was not entitled to recover where there was no evidence as to what object struck plaintiff, nor from what floor it fell; it appearing that other workmen than plaintiff's were engaged on still higher stories, and had previously dropped objects through the opening in question.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Halsch against the J. B. & J. M. Cornell Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Lemuel Skidmore, for appellant.
Frank A. Acer, for respondent.

GREENBAUM, J. The burden was upon the plaintiff to show by a fair preponderance of evidence that the object which struck and injured him was dropped or thrown by the servant or servants of the defendant. The only circumstances that connects defendant's servants with the occurrence is that two of them were working on one of the floors above, around the opening where the accident happened, and that about half an hour before the occurrence, when some rubbish fell through the opening, one of defendant's workmen, in response to the remonstrance by plaintiff, "What are you doing there? Why don't you let a fellow know when you are throwing anything down?" answered, "It is about time we got a chance at you." The trial justice put the defendant to its proof, and it appeared that pieces of rubbish had fallen through the opening in question during the day of the accident from floors above the one that defendant's men were working on, and that the workmen employed on these upper floors were employés of plaintiff's employer, who were engaged in removing pieces of terra cotta and other rubbish preparatory to the laying of flooring. That the work-

men not employed by defendant were engaged in removing rubbish on the upper floors was admitted by the plaintiff and his witnesses. .Defendant's workmen positively denied that at any time they dropped any object or permitted anything to fall through the opening, and it is consistent with 'the facts that the remark made by one .of the defendant's workmen when some rubbish ·had previously fallen was jocular, and not intended as an admission that he was to blame for it.   Be that as it may, however, neither the plaintiff nor his witnesses knew what it was that struck him.   There is also a complete and absolute absence of identity of the character of the thing that caused the injury, and whether it was stone, terra cotta, wood, or metal would be idle conjecture.   The plaintiff's men were engaged upon ironwork, and they positively asserted that they were not using any tools in connection with their work at the time of the accident, and that the only articles of small bulk that they were then using were bolts and nuts, which were affixed with the hand, and that none of·these had been dropped. There is thus a total lack of proof as to the identity of the object that struck the plaintiff, and no proof whatever that the object was seen to come from the floor upon which defendant's workmen were working. Added to this deficiency of proof, we have the established fact that others were engaged in upper·floors removing débris, and that rubbish had.previously been dropped by them through the opening in question. Under such conditions, plaintiff has failed to establish a case of negligence against the defendant.   Wolf v. American Nat. Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241.    '

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.