(58 Misc. Rep. 229.)

ETTLINGER v. CITY OF NEW YORK.

(Supreme Court, Appellate Term.   March 5, 1908.)

1. APPEAL—DISMISSAL OF COMPLAINT—FORCE OF EVIDENCE.
    Where the complaint was dismissed on plaintiff's evidence alone, that evidence is entitled, not only to belief, but to all favorable inferences that may reasonably be drawn therefrom.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3907–3911.]

2. MUNICIPAL CORPORATIONS—DEFECTIVE WORKS—LIABILITY.
    A municipal corporation does not insure citizens against damage from works of its construction, and its obligation is measured by the exercise

of reasonable care, and liability can only be predicated on its neglect or misconduct.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1547, 1548.]

**3. WATERS AND WATER COURSES—DEFECTIVE WATER MAINS—ACTIONS.**

In an action against the city for the overflow of water, the evidence showed that it was caused by defects in the water mains, that the flow was discovered about 3 a. m., that the city's representative was notified about that time, and that at 8 a. m. the flow ceased. The city's representative came to make inquiries about 1 p. m., and the repair gang went to work on the broken main. *Held* to establish a prima facie case, rendering a dismissal of the action erroneous.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Bianca De Roy Ettlinger against the city of New York. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Gainsburg & Solomon (I. Gainsburg, of counsel), for appellant.
Francis K. Pendleton (Theodore Connoly and Thomas F. Noonan, of counsel), for respondent.

PER CURIAM. The case came on for trial before the court and a jury, and upon plaintiff's evidence alone the complaint was dismissed, on the ground of a failure on the part of the plaintiff to prove notice to defendant of the defective condition of the water mains. On October 31, 1906, an overflow occurred at Ninety-Eighth street and Broadway, which flooded the cellar of the apartment house No. 231 West Ninety-Sixth street, in which plaintiff lived, to a depth of five feet, and damaged some of plaintiff's property, which had lawfully been left in one of the storage compartments in said cellar, for which injuries plaintiff brought this action.

As the complaint was dismissed on plaintiff's evidence alone, that evidence is entitled, not only to belief, but to all favorable inferences that may reasonably be drawn therefrom. The flow of water was caused by a defective condition of the city water mains. The flow was discovered about 3 a. m. The defendant's representative was notified of the flow about 3 a. m., and at 8 a. m. the flow ceased. Defendant's representative came to make inquiries about 1 p. m., and the repair gang went to work on the broken main. It is true that a municipal corporation does not insure citizens against damage from works of its construction, and its obligation and duty in such respect are measured by the exercise of reasonable care and vigilance, and liability can only be predicated upon its neglect or misconduct. Jenny v. City of Brooklyn, 120 N. Y. 164, 24 N. E. 274. Nevertheless, city mains do not break, if properly constructed, unless for some exceptional cause, which may or may not be attributable to negligence; nor is the flow of water from such broken main permitted under ordinary circumstances to continue for five hours after notice to the city authorities. It seems to us that plaintiff made out a prima facie case, which call-

ed upon the defendant for some explanation. Griffen v. Manice, 166 N. Y. 188, 193, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

BISCHOFF, J. (concurring). I concur in the reversal of the judgment and new trial. The water mains were under the exclusive management and control of the defendant, and a leakage therefrom sufficient to inundate adjacent premises is not a matter of ordinary occurrence, if proper care in the maintenance of the mains is exercised. The fact of the leakage, therefore, gave rise to a presumption of negligence, which it was the defendant's duty to meet. Lawson on Presumptive Evidence (2d Ed.) p. 122, rule 19b, and cases cited; Griffen v. Manice, 166 N. Y. 188, 193, 195, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630.