### PEARSON v. EHRICH.

(Supreme Court, Appellate Division, First Department.　January 19, 1912.)

1. NEGLIGENCE (§ 121*)—EVIDENCE—PRESUMPTION AND BURDEN OF PROOF—RES IPSA LOQUITUR.

    Where plaintiff shows that, while walking along a city avenue, a broken piece of glass fell from one of the windows of a large store owned and occupied by defendant, a prima facie case of negligence is established, and the burden of proof is shifted to defendant.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 218, 225; Dec. Dig. § 121.*]

2. NEGLIGENCE (§ 136*)—QUESTION FOR JURY—SUFFICIENCY OF EVIDENCE.

    Where plaintiff made a prima facie case of defendant's negligence, which defendant undertook to overcome by evidence tending to show that the negligence was that of another, there was an issue of fact for the jury, and the dismissal of the complaint was erroneous.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

3. TRIAL (§ 62*)—REBUTTAL—EVIDENCE IN SUPPORT OF PRESUMPTION.

    Where plaintiff in an action for personal injuries establishes defendant's prima facie negligence, and defendant offers evidence tending to overcome the presumption, plaintiff is entitled in rebuttal to overcome the attempted explanation by additional evidence.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 148–150; Dec. Dig. § 62.*]

Appeal from Trial Term, New York County.

Action by Mary A. Pearson, by George H. Pearson, guardian ad litem, against Julius S. Ehrich.　From a judgment dismissing complaint, plaintiff appeals.　Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jeremiah J. Coughlan, for appellant.

James B. Henney, for respondent.

SCOTT, J. Plaintiff appeals from a judgment entered upon a dismissal of the complaint.

[1] The plaintiff was walking along Sixth avenue in the city of New York, when a broken piece of glass fell from one of the windows of a large shop owned and occupied by defendant and injured her. She proved these facts, which were not controverted. This was sufficient to establish, prima facie, defendant's negligence and to call upon him to explain the circumstances or otherwise establish his freedom from liability. Volkmar v. Manhattan Ry. Co., 134 N. Y. 418, 31 N. E. 870, 30 Am. St. Rep. 678.

[2] The defendant took up this burden and showed that he had employed an independent contractor to putty his windows, and that one of this contractor's workmen was near the window when it broke, from which it was sought to draw the inference that it was this workman who broke the window, although this was not expressly proven. Plaintiff then undertook to show that the breaking of the window did not result from the negligence of the workman, but from the defective condition of the window itself. This she was not permitted to do, and her complaint was dismissed. This was error. Even without the excluded evidence there was an issue of fact for the jury. The plaintiff had proved defendant's negligence prima facie. He had then offered evidence from which, as he claimed, it appeared that the negligence was not his, but that of another. It was not for the court to say, as matter of law, in view of the nature of the proof, that defendant had overcome the presumption arising from plaintiff's evidence.

[3] Furthermore, it was error to exclude the evidence offered by plaintiff in rebuttal. When the rule of res ipsa loquitur applies, as it did in this case, the fact of the accident, and the attendant circumstances, without further proof of the cause, warrant the inference of negligence, and the plaintiff may rest thereon. If the defendant offers evidence tending to dispel this presumption, it is the right of the plaintiff, in rebuttal, to overcome the attempted explanation by additional evidence. Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857; Wiley v. Bondy, 23 Misc. Rep. 658, 52 N. Y. Supp. 68; Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.