### GRISWOLD v. RINGLING et al.

(Supreme Court, Appellate Division, Third Department.   January 6, 1915.)

1. APPEAL AND ERROR (§ 927*)—QUESTIONS REVIEWABLE—EVIDENCE—SUFFI-
CIENCY.
   Plaintiff, on appeal from a nonsuit, is entitled to the most favorable in-
ferences which can be drawn from the evidence.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912,
2917, 3748, 3758, 4024; Dec. Dig. § 927.*]

2. THEATERS AND SHOWS (§ 7*)—LIABILITIES FOR INJURIES TO PERSONS AT-
TENDING—NEGLIGENCE.
   Whether the failure of the owner and operator of a circus to carry fire
apparatus, such as chemical extinguishers operated by hand, is actionable
negligence, creating liability for injury to a person attending the circus
in consequence of a fire in the canvas top of the tent, *held* for the jury.
   [Ed. Note.—For other cases, see Theaters and Shows, Cent. Dig. § 7;
Dec. Dig. § 7.*]

Appeal from Trial Term, Schenectady County.

Action by M. Beulah Griswold against Otto Ringling and others, in
which John Ringling was served with process.   From a judgment of
dismissal, and from an order granting a nonsuit, plaintiff appeals.   Re-
versed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

Fryer & Lewis, of Schenectady (Edgar T. Brackett, of Saratoga
Springs, of counsel), for appellant.

Loucks & Alexander, of Schenectady (Wm. Dewey Loucks, of
Schenectady, of counsel), for respondents.

HOWARD, J.   The defendants herein were the owners and oper-
ators of a circus.   They were giving a show at Schenectady.   Just be-
fore the performance started a fire broke out in the roof or canvas
top of the main tent.   The plaintiff was one of the spectators.   She
was admitted on a ticket purchased by her sister.   She occupied a re-
served seat.   When she first discovered the fire she rose up, intending
to leave the tent, but ushers went along telling the people to keep
their seats, as they were putting out the fire.   Obeying this admonition,
the plaintiff sat down and waited a little while; but, seeing the fire
blazing up, instead of going out, she got up again to go, whereupon
the crowd behind her rushed down upon her, pushed her over, and she
was injured.   The circus of the defendants was not equipped with any
chemical apparatus or other apparatus or contrivance for extinguishing
fire.   Contrary to their statements to the audience, neither the ushers,
nor any other persons in the employ of the defendants, made any ef-
fort to put out the fire.   Indeed, there was nothing that they could do
to put it out, for the fire was in the top of the tent beyond their reach,
and having no apparatus for the purpose, they were helpless.

[1] Where a nonsuit has been granted, the plaintiff, on appeal, is
entitled to the most favorable inferences which can be drawn from the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

evidence. Therefore the above facts may be said to have been fairly established.

[2] Under these circumstances, and in view of this evidence, should a nonsuit have been granted? The question of negligence is always one of fact for the jury. The plaintiff alleged and proved that the defendants had no fire apparatus. Ought they not to have had chemical extinguishers to be operated by hand? Devices of this kind are very common in these days. They hang upon the walls of most all public buildings, and are kept in many factories and other places, where there is a possibility of fire. Was it negligence on the part of this circus management not to have them? That was a question for the jury. Had the defendants been put to their defense, perhaps they could easily have proved that it was not negligence, and that it would have been impracticable to have carried or operated such apparatus. The defendants might, in this way and in other ways, have shown their entire freedom from negligence; but it cannot, we think, be said as a matter of law that they were not negligent in this respect.

The proof that no effort to extinguish the fire was made by defendants, and that they allowed the fire to continue to burn, is only an amplification of the proposition concerning the lack of fire apparatus. We think the question as to whether the defendants were negligent in the particular pointed out above should have been submitted to the jury.

The judgment of nonsuit should be reversed, and a new trial granted. All concur.