MORRIS KESTEN, an Infant under the Age of Fourteen Years, by HARRY KESTEN, His Guardian ad Litem, Respondent, *v.* EINHORN & SINGER DEVELOPMENT CORPORATION, Appellant, Impleaded with SAM KIRK and Others, Defendants.

HARRY KESTEN, Respondent, *v.* EINHORN & SINGER DEVELOPMENT CORPORATION, Appellant, Impleaded with SAM KIRK and Others, Defendants.

First Department, April 10, 1931.

*Benjamin C. Loder*, for the appellant.

*William C. Chanler* of counsel [*Allen T. Klots* with him on the brief; *Winthrop, Stimson, Putnam & Roberts*, attorneys], for the respondents.

SHERMAN, J. Two actions, one for injuries to the infant plaintiff and the other for expenses and loss of service brought by his father, were tried together. The boy, six years of age, while standing on the sidewalk near the building which defendant was erecting on Heath avenue, in the borough of The Bronx, was struck during the afternoon of March 17, 1927, in the eye by soft lime which came from the cellar of the structure, and he thereby lost the sight of one eye. Another boy standing near him was at the same time hit by lime or other substance coming from the same place, but fortunately escaped injury.

Defendant had given over the work of construction to various contractors, one of whom, the plasterer, made use of lime which was mixed in the cellar. On the day of the accident that contractor had none of its employees at work. Defendant had retained a large measure of control by employing a general superintendent who supervised the work of the contractors and had also engaged two laborers whose duties included cleaning up the premises as the work progressed. At the time of the accident this superintendent was absent from the premises, returning shortly thereafter, but the two employees above mentioned were present in the building. Neither of them was called as a witness though one was said to have gone to Italy.

On the day of the accident the cellar contained an accumulation of rubbish. There was evidence that upon the morning of the following day it was found to have been cleared of all debris, except for an outline of the chalk mark of two troughs, where presumably lime had been used to produce plaster. The two employees of defendant, during a few days immediately preceding this occurrence, were observed cleaning the premises with broom and shovel, under orders of the superintendent, and throwing the debris out of the windows. Defendant introduced no contradictory proof and presented no evidence from which the jury could well have concluded that some one other than defendant was responsible for the casting out of the lime which struck plaintiff. Therefore, the jury was warranted in finding that the missile which struck plaintiff had been thrown out of the building by defendant's employees.

The court charged the jury that the rule of *res ipsa loquitur* applied. That charge embodied the correct rule and the exception taken presents no error. Defendant was not only the owner of the premises, but had retained general control of the work. In the absence of evidence proving that the accident happened in spite of the exercise of due care on its part, or that the lime was thrown from the building by an independent agency, notwithstanding proper care on defendant's part, the liability of defendant was established.

In *Wolf* v. *American Tract Society* (164 N. Y. 30) the owner of the building escaped liability because no appeal had been taken by plaintiff from the order of the Appellate Division which had dismissed the complaint as to it; the remaining defendants (contractors) who had appealed therefrom because the order had directed a new trial as to them, succeeded upon their appeal since there was no proof as to which one had control of the brick which fell from the structure and injured plaintiff. The court after stating (p. 33): " We agree with the court below that this is a case where the maxim *res ipsa loquitur* applies. There is a presumption that the plaintiff's injury was the result of negligence," added (p. 35): " The liability of the owner to the plaintiff upon the facts presented by the record in this case is not a practical question upon this appeal, since the plaintiff has not appealed from that part of the order of the court below which discharged the Tract Society from liability absolutely, and the plaintiff cannot maintain this action upon the promise or covenant of the contractors with the owner for the reason that he was not a party to that contract and it was not made for his benefit."

In *Hughes* v. *Harbor & Suburban B. & S. Association* (131 App. Div. 185), MILLER, J., in holding an owner liable where a brick

had fallen from the wall of its building upon an individual in the public street, observed that "the cases of objects falling on pedestrians in public streets are the common ones for the application of the rule *res ipsa loquitur*," and referring to *Wolf* v. *American Tract Society (supra)*, called attention to the fact that there had been no appeal by plaintiff from the decision dismissing the complaint as against the owner, and stated (p. 190): "Had the respondent in that case been the owner who had undertaken, through the instrumentality of nineteen different contractors, to construct that building, an entirely different question respecting his affirmative duty to protect pedestrians would have been presented, and I apprehend that the case would have been decided the other way. It will be seen from the two opinions in that case that the point of difference was whether the duty of the owner to protect the public devolved on the general contractor."

Instances of the application of this rule for the protection of passersby on public thoroughfares are found in *Pearson* v. *Ehrich* (148 App. Div. 680); *Mullen* v. *St. John* (57 N. Y. 567), and *Hogan* v. *Manhattan R. Co.* (149 id. 23). In *Sandler* v. *Garrison* (249 N. Y. 236) defendant escaped liability only because there was no proof that the lock which struck plaintiff was, at the time of the injury and of the negligent act, under defendant's control. A passenger on the train might have dropped it upon plaintiff.

The trial court, after impressing upon the jury that the burden of proof rests upon the plaintiff to establish that defendant's negligence caused the injury, stated to the jury that the duty devolved upon defendant to take reasonable care for the protection of passersby, charged that the theory upon which the case was "being presented to this jury is that the lime was thrown by an employee of the defendant corporation," and refused to charge at defendant's request that there was no proof to justify a finding that the accident was due to the act of an employee of defendant. Appellant, having excepted, urges that error was committed. There is no doubt that defendant, under the circumstances here shown, was bound to use reasonable care not to injure persons on the sidewalk.

It could not, in the process of clearing the debris, permit its employees to toss rubbish from the windows upon the sidewalk and escape liability for a consequent injury to a wayfarer on the public highway. An affirmative duty rested upon defendant to look out for the safety of pedestrians upon the public street, so that they might not thus receive injury. That obligation arose from defendant's control of the work and of the building. It is apparent that the jury following the instruction of the learned court fixed defendant's liability by finding that the lime was thrown by one of its

employees into the infant's eye. The proof justified the jury in reaching that conclusion.

The judgments appealed from should be affirmed, with costs.

FINCH, P. J., MERRELL and O'MALLEY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). The trial justice submitted the case to the jury on several theories, in effect holding that the defendant was liable if it failed to show that it had not caused the accident.

The court charged the jury as follows: " The defendant, as I have stated, not knowing how the accident happened, and not being in a position to offer witnesses, simply contends that the plaintiff's version as to how the accident must have happened is unreasonable, improbable, and that, therefore, the defendant should not be held liable. It is one of those cases which come under the head of the doctrine which we call ' res ipsa loquitur,' which, translated, means, ' the thing speaks for itself.' In that particular kind of case plaintiff is required to put in his proof to show the thing happened which speaks for itself, and then the defendant must offer such explanation as he can.

" It is the duty of the defendant to carry forward the proof and satisfy you how the accident happened, and that it was not the defendant's fault, or, on the other hand, to convince you from the plaintiff's evidence alone that it could not have happened that way within any reasonable probability."

The plaintiff failed to complete the proof necessary to submit the case to the jury. It was not established by whom the lime was thrown which entered the eye of the boy.

This case clearly comes within the rule laid down in *Wolf* v. *American Tract Society* (164 N. Y. 30), where it was said: " There was no proof to identify the person in or about the building as the immediate author of the wrong. Of all the numerous persons engaged in or about the work the jury could not have imputed the accident to any one of them more than another. * * *

" We agree with the court below that this is a case where the maxim *res ipsa loquitur* applies. There is a presumption that the plaintiff's injury was the result of negligence. (*Mullen* v. *St. John*, 57 N. Y. 567; *Hogan* v. *Manhattan R. Co.*, 149 N. Y. 23; *Kearney* v. *London, etc., Ry. Co.*, L. R. [5 Q. B.] 411; *Volkmar* v. *Manhattan R. Co.*, 134 N. Y. 418.) But that presumption did not complete the proof which it was incumbent upon the plaintiff to make before the case could be submitted to the jury. In a case like this, where the building in process of construction is in charge of numerous contractors and their workmen, each independent of the other,

and none of them subject to the control or direction of the other, some proof must be given to enable the jury to point out or identify the author of the wrong."

I have been unable to find any evidence to the effect that the employees of the defendant had anything to do with the lime that caused the injury.

The prevailing opinion calls attention to the fact that the two laborers employed by the defendant were not called as witnesses. Their absence was accounted for by the testimony of defendant's witness.

The rule laid down by the majority of the court in this case casts the burden on the defendant of showing how the accident occurred. That burden was at all times on the plaintiff. (*Jack* v. *McCabe,* 56 App. Div. 378; *Plumb* v. *Richmond Light & Railroad Co.,* 195 id. 254; *Tobias* v. *Lewis,* 182 id. 598; *Francis* v. *Gaffey,* 211 N. Y. 47; *Halsch* v. *Cornell Co.,* 49 Misc. 525.)

The judgments should be reversed and a new trial ordered.

In each case: Judgment affirmed, with costs.