MAUD STANLEY, Respondent, *v.* F. W. WOOLWORTH COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November 28, 1934.

*E. C. Sherwood* [*William M. Keiley* of counsel], for the appellant.

*Henry A. Blumenthal,* for the respondent.

SHIENTAG, J. Plaintiff was a customer in a department store of the defendant at Fortieth street and Fifth avenue, New York city. While she was on the second floor, a large plate glass window, about nine feet high and from ten to twelve feet wide, crashed without warning. Practically the entire window came down. Plaintiff, who at the time was standing about eight feet from the window, was not struck by the falling glass. Some of the pieces went over her head. There were a great many people on the floor at the time. Plaintiff heard the crash and screams, and as she stood examining some of the merchandise on the counter, was pushed down and trampled on. The court, who tried the case without a jury, found that she was injured " in the resulting rush or stampede among the customers on the floor following the crash of the window." Liability was not sought to be imposed because of

negligence in allowing the store to be overcrowded. There was in fact no such condition. The court below imposed liability upon the theory that the injury to the plaintiff could be " legally attributed to the breaking of the window." We believe this determination to be sound.

Two main questions are presented for consideration: (1) Was the defendant guilty of an act of negligence with respect to the plaintiff? If so, (2) was the defendant liable for the consequences which here resulted?

The trier of the facts was warranted in finding that the plate glass crashed in consequence of the carelessness or fault of the defendant. If the person hurt had been struck by the falling glass, the doctrine of *res ipsa loquitur* concededly would apply. (*Pearson* v. *Ehrich*, 148 App. Div. 680.) The doctrine has the same application, provided a violation of duty to the person hurt is established, even though the falling object did not strike him.

When the falling object " is shown to be under the control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part." (*Breen* v. *New York Central & H. R. R. R. Co.*, 109 N. Y. 297, 300; *Griffen* v. *Manice*, 166 id. 188.) To allow a condition to exist which caused the window to fall was, therefore, negligence, or so the trier of the facts was warranted in finding under the circumstances of this case. The plaintiff, however, must go further to be entitled to recover. What may be negligence or a violation of duty with respect to one class of persons may involve no invasion of the legal rights of another class. Was the defendant guilty of a wrong with relation to this plaintiff? Did the defendant violate a legal duty which it owed her? " In every instance before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which duty would have averted or avoided the injury." (*West Virginia Central R. Co.* v. *Fuller*, 96 Md. 652, 666; 54 A. 669.) The plaintiff must show " a ' wrong ' to herself, *i. e.*, a violation of her own right, and not merely a wrong to someone else * * *.' " The plaintiff sues in her own right for a wrong personal to her, and not as the vicarious beneficiary of a breach of duty to another." (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 342, 344.) To determine the fact of negligence, reasonable probability of injury to the plaintiff or to persons in her class is the test. Was there anything in the situation that gave notice that the falling glass had in it potency of peril not to persons far removed but to those who, although not struck, were in the immediate vicinity of the occurrence?

" The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension." (*Palsgraf* v. *L. I. R. R. Co.*, *supra*, 344.) Sometimes this is a question for the court. In other cases, where varying inferences are possible, it is a question for the jury. Applying these rules, it was within the province of the court, as the trier of the facts, to have found a violation of duty with respect to the plaintiff, situated as she was in close proximity to the crash. Although she was not actually struck by the falling glass, she was " within the orbit of danger." With respect to her, there was the hazard of a rush or a stampede, a human impulse to escape from a sudden and unexpected danger. To one far removed from the scene of the accident such a hazard would not be natural or probable.

If there was negligence with respect to the plaintiff, if the defendant violated a legal duty which it owed to the plaintiff, it is liable for the consequences which here resulted. There was in this case no superseding act of negligence. An intervening act of a human being " which is a normal response to the stimulus of a situation created by the actor's negligent conduct, is not a superseding cause of harm to another which the actor's conduct is a substantial factor in bringing about." (Restatement of the Law of Torts, § 443.) Here the evidence authorizes a finding that the rush or stampede was a normal response to the fear or emotional disturbance which the defendant's negligent conduct was a substantial factor in creating. (See *Griswold* v. *Ringling*, 165 App. Div. 737; affd., 221 N. Y. 705.)

All concur; present, LYDON, CALLAHAN and SHIENTAG, JJ.

Judgment affirmed, with twenty-five dollars costs.