THOMAS J. LOWERY, Appellant, v. SYRACUSE UNIVERSITY, Respondent.— Same decision and like cause of action as in companion case last above. (The judgment is for defendant in a negligence action. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

MARY ELIZABETH ROBERTS, Plaintiff, v. FIRST NATIONAL BANK OF JAMESTOWN, NEW YORK, and Others, Defendants, Impleaded with ERNEST CAWCROFT, Respondent, and ROY G. ROBERTS, Individually and as General Guardian, etc., of MARY ELIZABETH ROBERTS, and ADELL S. ROBERTS, Appellants.— Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Memorandum: Mr. and Mrs. Roberts may be joined as defendants on Cawcroft's motion only if they would be liable over to him. If they induced him unlawfully to convert plaintiff's property, he and they became joint tort feasors and, as such, they may not be made parties defendant in this action at the instance of Cawcroft. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305.) All concur. (The order denies a motion to strike out party defendants in an action for damage for conversion of stock.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

WILLIAM J. WOLFE, Respondent, v. ROCHESTER TELEPHONE CORPORATION, Appellant.— Judgment and order affirmed, with costs. Memorandum: The jury evidently determined that the accident was due to plaintiff's automobile becoming entangled with a telephone wire which was owned, maintained and controlled by defendant and which had broken and fallen across the highway. The evidence supports such a finding. Plaintiff, therefore, made out a *prima facie* case of negligent construction or maintenance, by defendant, of its wires. (*O'Leary* v. *Glens Falls Gas & El. L. Co.*, 107 App. Div. 505, 509; *Griffen* v. *Manice*, 166 N. Y. 188, 195; *Weiss* v. *Brooklyn Edison Co., Inc.*, 252 App. Div. 746; *Stearns* v. *Postal Telegraph-Cable Co., Inc.*, 224 id. 775.) To explain the accident, defendant introduced the testimony of its employee that the wire appeared to have been cut. To meet this testimony, plaintiff offered evidence tending to prove that a broken wire would have the same appearance. Whether the wire was severed by cutting or breaking was a jury question. (*Volkmar* v. *Manhattan R. Co.*, 134 N.Y. 418, 422; *Piwowarski* v. *Cornwell*, 273 id. 226.) All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

CENTRAL PARK HOSPITAL, Appellant, v. COUNTY OF ERIE, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies plaintiff's motions to strike out certain parts of defendant's answer and grant defendant's motion for judgment on the pleadings and dismissing the complaint in an action to remove cloud on title.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.