GEORGE FOLTIS, INC., Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, June 13, 1940.

*Frederick E. Klein*, for the plaintiff.

*William C. Chanler, Corporation Counsel* [*T. Arnold* of counsel], for the defendant.

WALTER, J. Property in plaintiff's restaurant at Eighth avenue and Thirty-sixth street, borough of Manhattan, was damaged on April 10, 1938, by water which flowed into the premises from a broken main laid and maintained by defendant in the roadway of

Eighth avenue about four feet below the surface. In this action to recover compensation therefor, an effort was made to show that defendant was negligent in not shutting off the water with reasonable diligence after notice of the break, but that effort was unsuccessful. Plaintiff's evidence thus showed no basis of liability on the part of defendant unless the fact of the break is itself sufficient to warrant an inference of negligence. To permit further consideration of that question I reserved decision upon defendant's motion to dismiss at the close of plaintiff's case. Defendant then showed that the main was laid in December, 1928, and January, 1929, that it consisted of new cast-iron pipe one inch in thickness and twelve inches in diameter, and that each pipe length was tested before being laid by hanging it in slings upon tripods and striking it with a hammer. Upon the crucial question of the cause of the break it offered no evidence whatsoever.

At the close of the whole case I again reserved decision upon motions by each party for the direction of a verdict, and submitted specific questions to the jury under a charge which did not permit them to find negligence from the mere fact of the break. The jury answered *No* to all the questions respecting defendant's negligence. I also submitted to the jury the amount of plaintiff's damage, which they found to be $2,500. Counsel then stipulated that I might continue to reserve decision and thereafter direct a verdict with the same force and effect as if the jury were present.

It being thus established that defendant was not negligent unless the break itself warrants a finding of negligence, and the defendant having presented no evidence explanatory of the cause of the break, it follows that I should now direct a verdict for plaintiff for $2,500, or a verdict for defendant, according as I hold that the break itself does or does not warrant a finding of negligence. In other words, does the doctrine of *res ipsa loquitur* apply?

That that doctrine does apply is expressly held in two decisions of the Appellate Term of this department, *Ettlinger* v. *City of New York* (58 Misc. 229) and *Silverberg* v. *City of New York* (59 id. 492); and is inferentially held in *Higginson* v. *City of New York* (181 App. Div. 367); *Gravey* v. *City of New York* (117 id. 773); *Magee* v. *City of Brooklyn* (18 id. 22), and *Talcott* v. *City of New York* (58 id. 514). In *Karras* v. *City of New York* (App. Term, First Dept., Feb. 1937, unreported), upon which defendant principally relies because of its explicit statement that the doctrine was not applicable, there was no proof that the water came from a broken main. All that was shown was that water was in a cellar and that men from the city's department of water were seen working in the street. In *Kelsey* v. *City of New York* (123 App. Div. 381) and *Froelich* v.

*City of New York* (199 N. Y. 466) the pipes were not laid by the city. *Weidman* v. *City of New York* (84 App. Div. 321; affd., 176 N. Y. 586) related to a sewer which overflowed during a very hard rain, and the principal damage to the plaintiff was done by a break made in the course of repairs which were not shown to be negligent. In *Wimpfheimer* v. *City of New York* (184 App. Div. 494) there is a rather strong intimation that the doctrine of *res ipsa loquitur* would have been applied if the water had come directly from a broken main. *Jenney* v. *City of Brooklyn* (120 N. Y. 164) involved a hydrant and not a main, and the doctrine plainly could not have been applied because the evidence did not exclude the possibility that the hydrant had been forced out of position " by some active power above the surface." In *Simon* v. *City of New York* (82 Misc. 454), which is still another decision by the Appellate Term of this department, the doctrine is not mentioned, but a fair interpretation of the opinion perhaps is that the doctrine does not apply. *Layer* v. *City of Buffalo* (274 N. Y. 135) merely notes the fact that the plaintiffs in that case did not rely upon the doctrine.

Such being the state of the authorities, I feel authorized and compelled to consider the question upon principle.

Applying the doctrine of *res ipsa loquitur* does not hold the defendant to a greater measure of liability than reasonable care and vigilance, which concededly is the extent of its obligation and duty. (*Jenney* v. *City of Brooklyn*, 120 N. Y. 164, 167.) Neither does the doctrine mean that the plaintiff may recover without sustaining the burden of proving negligence by a fair preponderance of the credible evidence. (*Goldstein* v. *Pullman Co.*, 220 N. Y. 549, 554.) The doctrine merely means that certain occurrences contain within themselves a sufficient basis for an inference of negligence, and it does not differ from ordinary cases of circumstantial evidence except in the respect that the facts and circumstances from which the inference of negligence is drawn are immediately attendant on the occurrence. (*Griffen* v. *Manice*, 166 N. Y. 188, 196; *Robinson* v. *Consolidated Gas Co.*, 194 id. 37, 40, 41; *Plumb* v. *Richmond L. & R. R. Co.*, 233 id. 285, 288.) The doctrine is not confined to any particular class of cases (*Goldstein* v. *Pullman Co.*, 220 N. Y. 549, 554), and the test of its application is whether or not the occurrence does in truth point to negligence of the defendant as the fair and reasonable inference from the occurrence. Where the agency which produces the injury is not within the control of the person charged with negligence, or where the occurrence is one which naturally might occur from causes other than his negligence, the inference of his negligence is not fair and reasonable; but wherever there is a combination of those two conditions, viz., control by the person

charged with negligence and improbability of the occurrence having happened if he had been reasonably careful, the doctrine applies. (*Bressler* v. *New York Rapid Transit Corp.*, 270 N. Y. 409, 413.)

The water main here in question was within the control of the defendant. It was defendant who selected the pipes and laid them. Cast-iron water mains which are properly laid four feet underground ordinarily do not break, any more than ordinarily trains are derailed, missiles fly, or elevators or walls fall; and when such a main does break the inference of negligence follows in logical sequence and to my mind is well-nigh irresistible, and that is sufficient to cause the doctrine to apply. (*Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 203, 209; *Volkmar* v. *Manhattan R. Co.*, 134 id. 418, 420, 421; *Hogan* v. *Manhattan R. Co.*, 149 id. 23; *Griffen* v. *Manice*, 166 id. 188; *Wolf* v. *American Tract Society*, 164 id. 30, 33; *Mullen* v. *St. John*, 57 id. 571.)

The doctrine has been held applicable also to falling stairs in a livery stable (*Storms* v. *Lane*, 223 App. Div. 79), to the sudden swerving of moving automobiles (*Bennett* v. *Edward*, 239 id. 157), to a fire in a hotel (*Owen* v. *Straight*, Id. 622), to a fall of plaster from a ceiling in a hotel (*Morris* v. *Zimmerman*, 138 id. 114), to the projection of a screw in the floor of a street car (*Schonleben* v. *Interborough Rapid Transit Co.*, 160 id. 790), to the parting of a hawser used in bringing a vessel to a wharf (*Duhme* v. *Hamburg-American Packet Co.*, 107 id. 237), to the fall of the headboard of a folding bed (*Cox* v. *Mason*, 89 id. 219), to the breaking of an iron grating in a sidewalk (*Weber* v. *Lieberman*, 47 Misc. 593), to the falling of a globe from a street lamp (*Weiss* v. *Brooklyn Edison Co.*, 253 App. Div. 746), to the breaking of a plate-glass window (*Pearson* v. *Ehrich*, 148 id. 680; *Stanley* v. *Woolworth Co.*, 153 Misc. 665), to the falling of wires of utility companies (*Wolfe* v. *Rochester Telephone Corp.*, 258 App. Div. 845; *O'Leary* v. *Glens Falls Gas & El. L. Co.*, 107 id. 505; *Stearns* v. *Postal Telegraph-Cable Co.*, 224 id. 775), to escape of water from one loft to the loft below (*Kahn* v. *Burette*, 42 Misc. 541), to the bursting of a steam pipe in an apartment (*Kessler* v. *The Ansonia*, 253 N. Y. 453), and to the leakage of gas from gas mains (*Fullerton* v. *Glens Falls Gas & El. L. Co.*, 157 App. Div. 191, and *Smith* v. *Boston Gas Light Co.*, 129 Mass. 318, cited in *Griffen* v. *Manice*, 166 N. Y. 188, 195). I am, therefore, unable to conclude that it does not apply to the leakage of water from broken water mains.

Defendant's evidence that it tested the pipes before laying them did not in any way tend to rebut the inference of negligence. On the contrary, by tending to exclude the possibility that the pipes themselves were defective, it tended to sustain the inference that

they were negligently laid, for if the pipes themselves were good they certainly would not break in ten years unless they were either improperly laid or were subjected to some exceptional and untoward force or experience, and the latter alternative has not been so much as suggested. As defendant thus has not rebutted the inference of negligence, a verdict must be directed against it. (*Hogan* v. *Manhattan R. Co.*, 149 N. Y. 23.)

Subjecting the conclusion thus reached to the tests of justice and workability serves, I think, to fortify it. In addition to having in its own files all the records with respect to the laying of its water mains, the city is the one which digs up the broken main and thus has the opportunity immediately and accurately to learn its condition. The property owner, on the other hand, is practically helpless in showing either the manner of laying or the conditions found when the broken main is dug up, and in a suit against the city he does not even have the advantage, freely accorded against most defendants, of an examination before trial. (*Bush Terminal Co.* v. *City of New York*, 259 N. Y. 509.) Justice plainly requires that the burden of explanation be placed upon the city.

Defendant's motions to dismiss the complaint and to direct a verdict in its favor are accordingly denied, and plaintiff's motion to direct a verdict in its favor is granted and a verdict hereby directed in favor of the plaintiff for $2,500, the amount of damage found by the jury, to which interest and costs will be added.