■ GARY WHITFIELD, Respondent, v CITY OF NEW YORK, Appellant. [657 NYS2d 757] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered October 26, 1993, which, upon a jury verdict and upon the partial grant of its posttrial motion pursuant to CPLR 4404, awarded the plaintiff the principal sum of $7,402,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless, within 20 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages from the City for past pain and suffering from the principal sum of $4,000,000 to $3,000,000 and further consenting to reduce the award of damages for future pain and suffering from the principal sum of $2,000,000 to $1,000,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff was severely burned in a fire that occurred in a building owned by the defendant, City of New York. At the trial it was established that the fire was a result of arson. The plaintiff was injured when he left the apartment where he was visiting and entered the burning hallway. The evidence permits a finding that there were no functioning smoke detectors in the building, that there was a mattress in the hallway outside the subject apartment, and that this mattress was used by the arsonist in the setting of the fire. The evidence also lends itself to the finding that the City's agent knew or should have known of the presence of the mattress which was instrumental in the spread of the fire, and which obstructed the path of those fleeing from it.

We find that the evidence was legally sufficient to support the jury's finding of the City's negligence. The plaintiff's evidence tended to show that the building in question was in a dangerous condition as the result of, among other things, the violation of specific regulatory provisions relating to smoke detectors. Whether any of these violations was a cause in fact of the plaintiff's injuries was a question for the jury, the verdict of which, as to the issue of liability, was not against the weight of the evidence (*see generally, Griswold v Ringling,* 165 App Div 737, *affd* 221 NY 705; *cf., Dufur v Lavin,* 101 AD2d 319, *affd* 65 NY2d 830; *McIntosh v Moscrip,* 138 AD2d 781; *see also, Annotation, Fire—Liability for Spread,* 17 ALR5th 547, §§ 32, 33; 59 NY Jur 2d, Explosives and Fires, § 84).

With respect to the question of foreseeability, and the related issue of proximate causation, we do not agree with the City's argument that the act of the arsonist constituted an intervening superseding cause. In this respect, we note that the plaintiff adduced evidence that arson was a common occurrence in the neighborhood. We also note that, in his summation, the attorney for the City presented the issue of liability to the jury as a matter of "all or nothing" depending on the jury's decision whether to believe certain key witnesses for the plaintiff, on the one hand, or a certain key witness for the City, on the other. Under these and all of the other circumstances revealed in the record on appeal, we conclude that the City can properly be held liable for its failure to take reasonable preventative measures after having been put on notice of the risk of a particular type of criminal activity (*see generally, Jacqueline S. v City of New York,* 81 NY2d 288, 293; *Miller v State of New York,* 62 NY2d 506, 513; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507).

The damages awarded were excessive to the extent indicated.

The City's remaining contentions are without merit. Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.