OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by reducing the award to Wing-Ken Li and Hoi-Hong Tong, doing business as Food King Restaurant, to the sum of $67,000 on their cause of action for property damage and dismissing their cause of action for lost profits, and by vacating the award in favor of Lee Kin Chiu and ordering a new trial on said plaintiff's causes of action, limited to the issue of damages. As so modified, judgment affirmed without costs.
*424 Lee Kin Chiu was the owner of a building located at 2975 Fulton Street, Brooklyn, New York, and Wing-Ken Li and Hoi-Hong Tong were his tenants and owned a restaurant at that address. The defendant owned the adjacent vacant building. At approximately 7:30 p.m. on June 24, 1988 a fire started in defendant’s building. The fire caused part of defendant’s building, which was leaning over plaintiffs’ smaller building, to collapse onto it and destroy it.
In our view the defendant’s liability was established. A proximate cause of the destruction of plaintiffs’ building by fire which started in defendant’s building and spread to plaintiffs’ adjacent building was the condition of defendant’s building. It was vacant, open, unguarded and leaning over 12 to 16 inches above plaintiffs’ building. It had been targeted for demolition by defendant for 18 months before the fire occurred. The fire spread to plaintiffs’ structure because the part of defendant’s building, which was three stories high and leaning over plaintiffs’ one-story building, caught fire and collapsed onto the plaintiffs’ building. This information was contained in defendant’s Building Department records and an examination before trial of a Chief of the Fire Department who was present at the scene of the fire. These documents were admitted into evidence.
In Runkel v City of New York (282 App Div 173, 176), the Court stated that: "An abandoned open structure which is so rotted and dilapidated that it is in imminent danger of collapse may be said to constitute a trap or an 'inherently dangerous’ instrumentality which is in the same class as an explosive substance, inflammable material, a live electric wire or a spring gun. Injury sustained by any person, even though he be a trespasser, due to such an inherently dangerous instrumentality, may be said to have been caused by the wanton or intentional or inhuman act of the one responsible for its existence or its removal and will cast him in liability, provided: (a) that care 'commensurate with the risk involved’ has not been taken to guard against the injury; and (b) that the accident was 'foreseeable’ — as it was here because of the structure’s proximity to the public highway.”
Administrative Code of the City of New York § 26-235 states that: "Removal or repair of structures. Any structure or part of a structure or premises that from any cause may at any time become dangerous or unsafe, structurally or as a fire hazard, or dangerous or detrimental to human life, health or morals, shall be taken down and removed or made safe and secure. A vacant building which is not continuously guarded shall *425 have all openings sealed in a manner approved by the commissioner, and it shall be the duty of the owner thereof promptly to make any repairs that may be necessary for the purpose of keeping such building sealed. Any vacant building not continuously guarded or not sealed and kept secure against unauthorized entry as herein before provided shall be deemed dangerous and unsafe as a fire hazard and dangerous and detrimental to human life, health and morals within the meaning of this article.”
In Derdiarian v Felix Contr. Corp. (51 NY2d 308, 315-316), the Court stated:
"To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant’s negligence was a substantial cause of the events which produced the injury * * * Plaintiff need not demonstrate, however, that the precise manner in which the accident happened, or the extent of injuries was foreseeable * * *
"An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent.”
In the case at bar, a proximate cause of the destruction of plaintiffs’ building was the defendant’s negligence in failing to demolish its unsafe building before a fire occurred as well as allowing it to lean over plaintiffs’ building so that if it collapsed it would fall onto plaintiffs’ building. In the instant matter, the building did collapse because of the fire and it fell onto plaintiffs’ building causing its destruction. Defendant is therefore responsible.
The case of Raylite Elec. Corp. v City of New York (30 AD2d 38, affd 24 NY2d 785), cited by the defendant, is not to the contrary. In that case a fire of unknown origin erupted at either or both buildings. In the case at bar, the defendant conceded that the fire started in its building. Likewise, Popper v City of New York (281 App Div 98) is not supportive of defendant’s position. In that case the Court stated that plaintiff had to prove that the defendant’s neglect in repairing a defective wall and the fire operated concurrently to cause the accident. Clearly, in the instant matter, the plaintiffs satisfied the concurrent proximate cause requirement espoused in Popper (supra).
On the issue of damages, the award to Wing-Ken Li and Hoi-Hong Tong for renovation expenses should be reduced from $70,000 to $67,000 since they only submitted proof for the lesser amount.
*426 The award to Wing-Ken Li and Hoi-Hong Tong in the amount of $585,000 for lost profits from their Chinese restaurant is too speculative and must be vacated and the cause of action dismissed. The plaintiffs were involved in a new business for less than two months when the fire occurred. A stricter standard is imposed for recovery of lost profits of a new business for the obvious reason that there does not exist a reasonable basis of experience upon which to estimate lost profits with the requisite degree of reasonable certainty (Kenford Co. v Erie County, 67 NY2d 257, 261; Cramer v Grand Rapids Show Case Co., 223 NY 63; Suffolk Sports Ctr. v Belli Constr. Corp., 212 AD2d 241, 248). In this case, the calculation of lost profits was based upon an 181/2-year projection of profits using the weekly profits made in those seven weeks. In the absence of expert testimony, or even a comparison to other Chinese restaurants in the neighborhood, such an award was unduly speculative.
The award to Lee Kin Chiu of $150,000 for lost rental income must be vacated because the jury was not given any basis upon which to calculate the net rental. There was no testimony regarding Chiu’s monthly carrying costs. The verdict of $61,500 for property damage is also not supported by the evidence inasmuch as Mr. Chiu testified that he spent $100,000 for repairs but only produced corroboration for $12,645. There should therefore be a new trial on these causes of action limited solely to the issue of damages, however, since liability has been established.
Kassoff, P. J., Scholnick and Chetta, JJ., concur.