■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, as Subrogee of DUANE STEVENS, et al., Respondent, v CITY OF ALBANY, Defendant, and VALERIE SEDGWICK, Appellant. [669

NYS2d 450] —White, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered June 27, 1997 in Albany County, which denied defendant Valerie Sedgwick's motion for summary judgment dismissing the amended complaint against her.

On November 9, 1990, a fire intentionally set by an unknown arsonist consumed a vacant three-story structure owned by defendant Valerie Sedgwick (hereinafter defendant) that was located at 27 Myrtle Avenue in the City of Albany and damaged the adjoining connected structure at 98 Philip Street owned by Duane Stevens, Deborah Stevens and Gary Adams (hereinafter collectively referred to as the owners). Upon payment of the owners' claim, plaintiff, the owners' homeowners insurance carrier, became subrogated to the owners' rights and commenced this negligence action against defendant and the City of Albany.* Following discovery, defendant moved for summary judgment dismissing plaintiff's complaint which alleges that she was negligent in allowing her building to fall into disrepair and in failing to secure it to prevent entry by unauthorized persons. Supreme Court denied the motion, prompting this appeal.

Defendant maintains that she is entitled to summary judgment since her negligence, if any, was not the proximate cause of plaintiff's damages because she could not have reasonably foreseen the arsonist's intervening criminal act. While defendant recognizes that criminal activity by a third party does not automatically constitute an extraordinary intervening act, she claims she could not have reasonably foreseen the arson as she had no notice that her property was the target of an arsonist. Defendant's argument has been rejected by the Court of Appeals in *Jacqueline S. v City of New York* (81 NY2d 288) wherein it stated that the operative proof establishing foreseeability is not limited to crimes actually occurring in the specific building where the harm occurred but depends on the location, nature and extent of the previous criminal activities and their similarity, proximity or other relationship to the crime in question (*id.*, at 294-295).

Here, the record evidence shows that 27 Myrtle Avenue was vacant from the date defendant purchased it in 1986 with the intention of renovating it. She never fulfilled her intention and on July 9, 1987, October 15, 1987, July 19, 1988 and April 12, 1989 received violation notices from the City of Albany directing her, *inter alia*, to secure the doors and windows with plywood and to stabilize the building. Defendant maintains

---

* Plaintiff's claim against the City is not involved in this appeal.

that she complied with these notices; however, Duane Stevens testified at his pretrial deposition that a week or two before the fire he had noticed that some of the windows on the side of defendant's building were not boarded up. He further stated that, during this time frame, there had been a number of arson fires in the neighborhood. Notably, defendant admitted that she was aware of the neighborhood arson outbreak. In our view this record presents a triable issue as to foreseeability since, not only was defendant aware of the recent neighborhood arsons, but by allowing her building to remain vacant in an urban environment for an extended period she created an inviting opportunity for vandalism (*see, Whitfield v City of New York*, 239 AD2d 492, 493, *lv denied* 91 NY2d 812).

Defendant next argues that liability cannot be imposed upon her as there was no causal connection between her alleged violations of the building codes and the fire due to the fact that it started on the rear porch which could not have been boarded up. We disagree for we believe a jury could find that the proximate cause of plaintiff's damages was defendant's leaving her building vacant and apparently in disrepair and not fully secured, thereby making it easily accessible to vandals (*see, Lee Kin Chiu v City of New York*, 174 Misc 2d 422). Moreover, there is no proof in the record that the arsonist could have accessed the rear porch without first entering the building.

For these reasons, we affirm the order of Supreme Court.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.